UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEELMAN PARTNERS, LLP, *et al.*, | Case No. 2:12-cv-00198-MMD-CWH |
| Plaintiffs, | ORDER |
| v. | (Plaintiffs' Motion for Relief from the Court's Order Granting Defendants' Motions to Dismiss – dkt. no. 34) |
| SANUM INVESTMENTS LIMITED, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

Before the Court is Plaintiffs' Motion for Relief from the Court's Order Granting Defendants' Motions to Dismiss. (Dkt. no. 34). For the reasons described below, the Motion is denied.

**II.   BACKGROUND**

The relevant facts are set forth in the Court's previous Order upon which Plaintiffs now seek relief. (*See* dkt. no. 33.) In that Order, the Court granted Defendants' Motions to Dismiss, determining that Nevada does not have personal jurisdiction over Defendants Jade or Sanum in this action. Plaintiffs now argue that the Court erred by (1) not considering the forum-selection clause contained in the proposed agreement; and (2) determining that the only in-person meeting between the parties occurred in Macau.

### III. LEGAL STANDARD[1]

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (*quoting 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion)). Motions for

---

[1] Plaintiffs bring their Motion under Fed. Rs. Civ. Proc. 54(b) or 60(b). Because the Order was a final order dismissing Jade and Sanum from the case, the Court analyzes the Motion under Rule 60(b).

reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

## IV. DISCUSSION

### A. Forum Selection Clause

Plaintiffs argue that the Court erred in neglecting to address the forum-selection clause contained in the Proposed Agreement, which ostensibly demonstrates that Jade and Sanum consented to litigating any conflict regarding the Agreement in Nevada. (*See* dkt. no. 34 at 3.)

While the Proposed Agreement between SAA and Jade contained a forum-selection clause (*see* dkt. no. 19 at 39), the agreement was never signed (*see id.* at 41). Plaintiffs admit this, but argue that "the parties at the very least had an oral agreement in place when Plaintiff began to perform work." (Dkt. no. 37 at 3.)

In their Response Brief, Plaintiffs argued that Nevada has jurisdiction over Defendants because Steelman is a Nevada entity; Paul Steelman is a Nevada architect; Defendants negotiated with Plaintiffs' Nevada employees; Defendants corresponded with Plaintiffs' Nevada employees; and Defendants sent payment to Nevada. The Court addressed each of these arguments. It did not address the argument that the parties had reached an oral agreement regarding forum selection, because this argument was not raised in the briefs. Reconsideration is not a mechanism for parties to make new arguments that could reasonably have been raised in their original briefs. *See Kona Enters. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000).

Moreover, the mere assertion that an oral agreement existed, without evidence to support this assertion, is insufficient here, where Defendants present affirmative evidence that such agreement did not exist. "When a defendant moves to dismiss for lack of personal jurisdiction [under Federal Rule of Civil Procedure 12(b)(2)], the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant."

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  Where the issue is before the court on a motion to dismiss based on affidavits and discovery materials without an evidentiary hearing, the plaintiff must make "a prima facie showing of facts supporting jurisdiction through its pleadings and affidavits to avoid dismissal." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1119 (9th Cir. 2002).  The court accepts as true any uncontroverted allegations in the complaint and resolves any conflicts between the facts contained in the parties' evidence in the plaintiff's favor. *Id.* However, for personal jurisdiction purposes, a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Alexander v. Circus Circus Enters., Inc.*, 972 F.2d 261, 262 (9th Cir. 1992) (quotation omitted).  Here, Sanum and Jade both presented affidavit testimony stating that they did not assent to any contractual terms presented by Steelman.  (Dkt. no. 19 at 26, ¶ 20; dkt. no. 20 at 25, ¶¶ 20-21.)

### B.   Evidence of In-Person Meetings in Nevada

In their Motion for Reconsideration, Plaintiffs attach three exhibits ostensibly demonstrating that the parties had in-person meetings in Nevada.  Plaintiffs argue that this evidence contradicts the Court's determination that the only in-person meeting between the parties took place in Macau.  (Dkt. no. 34 at 4.)  These exhibits were not previously produced by Plaintiffs in their Response Brief.[2]  As stated, reconsideration is not a mechanism for parties to make new arguments that could reasonably have been raised in their original briefs. *See Kona Enters. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Plaintiffs do not explain why these exhibits could not have been attached to their Response to the Motions to Dismiss.  Therefore, it was not clear error

---

[2] Plaintiffs acknowledge this omission in their Reply Brief, but argue that "Plaintiff is attempting to provide the Court with the truth so that this matter may [be] [*sic*] decided on its merits and not a technicality."  (Dkt. no. 37 at 3.)  Assuming *arguendo* that the agreements establish purposeful availment, Plaintiffs would have been wise to provide the Court with "the truth" in their Response to the Motions to Dismiss, rather than impermissibly raising the argument on a Motion for Reconsideration.

4

for the Court to determine that the only in-person meeting between the parties occurred in Macau.

## V.     CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion for Relief from the Court's Order Granting Defendants' Motions to Dismiss (dkt. no. 34) is DENIED.

DATED THIS 1st day of May 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE